# EXHIBIT A



PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

5/19/2025 10:05:15 PM

Clerk of the Superior Court
By M. Schwenke      ,Deputy Clerk

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

SONYA VALENZUELA, individually and on
behalf of all others similarly situated,

       Plaintiff,

       v.

THERMOS L.L,C., a Delaware entity, d/b/a
WWW.THERMOS.COM,

       Defendant.

Case No.    25CU025187C

CLASS ACTION COMPLAINT FOR: (1)
VIOLATION OF CAL. BUS. & PROF. CODE
§ 17501; AND (2) CONSUMERS LEGAL
REMEDIES ACT, CAL. CIVIL CODE § 1750
ET SEQ.

CLASS ACTION COMPLAINT

## I.    NATURE OF ACTION

Defendant advertises fictitious regular prices (and corresponding phantom discounts) on products sold through its website at www.thermos.com (the "Website"). This practice allows Defendant to fabricate a fake "reference price," and present the actual price as "discounted," when it is not. The result is a sham price disparity that is *per se* illegal under California law.

## II.    JURISDICTION AND VENUE

1. This Court has jurisdiction over all causes of action asserted herein.

2. Defendant is subject to jurisdiction under California's "long-arm" statute found at California Code of Civil Procedure section 410.10 because the exercise of jurisdiction over Defendant is not "inconsistent with the Constitution of this state or the United States." Indeed, Plaintiff is informed and believes and thereon alleges that Defendant generates a minimum of eight percent of its national Website sales to Californians such that the Website "is the equivalent of a physical store in California." Since this case involves false representations made Defendant's Website and Plaintiff's purchase was made through the Website from within California, California courts can "properly exercise personal jurisdiction" over the Defendant in accordance with the Court of Appeal opinion in *Thurston v. Fairfield Collectibles of Georgia*, 53 Cal. App. 5th 1231, 1235 (2020).

3. Venue is proper in this County pursuant to California Code of Civil Procedure section 394(b) because some of the class members claims arose in this County.

## III.    PARTIES

4. Plaintiff is a citizen of California who purchased a product identified below from Defendant's Website.

5. Defendant is an online retailer that sells products nationwide and in California.

## IV.    FACTUAL ALLEGATIONS

6. Defendant, through its Website, offers products for sale to California consumers.

7. Defendant advertises fictitious prices (and corresponding phantom discounts) on such products. This practice allows Defendant to fabricate a fake "reference" price, and present the actual price as "discounted," when it is not.

8.    On March 31, 2025, Plaintiff purchased "Lunch Duffle with 12oz. Funtainer Bottle Desert Llamas" (the "Product") from Defendant for the "discounted" price of $14.00, which Defendant compared to a "strike-through" reference price of $27.99, as shown below:



9.    The reference price described in the preceding paragraph was not the "prevailing market price" in the 90 days preceding the above access date. Likewise, the advertisement does not "clearly, exactly and conspicuously" state the date upon which the reference price was the prevailing market price.

10.    Indeed, more than 90 days ago, Defendant was offering the exact same Product for a discounted price with a similar "phantom discount" on June 18, 2024, as shown below and as documented by the "Wayback Machine":[1]

---

[1] The "Wayback Machine" is a digital archive of the World Wide Web that allows users to view past versions of websites. It automatically captures snapshots of webpages at various points in time, and stores them with timestamps. It is used to determine how a website looked in the past, analyze the evolution of a website, and retrieve information that may no longer be available on the current iteration of a website. Information retrieved via the Wayback Machine is generally treated as authoritative, subject to proper authentication. *See United States v. Kieffer*, 681 F.3d 1143, 1154 n.3 (10th Cir. 2012) (holding Wayback Machine downloads properly authenticated).

CLASS ACTION COMPLAINT



11.     These pricing and advertising practices reflecting high-pressure fake sales are patently deceptive. They are intended to mislead customers into believing that they are getting a bargain by buying products from Defendant on sale and at a substantial and deep discount. The reference price is, therefore, an artificially inflated price.  In turn, the advertised discounts are nothing more than phantom markdowns.

12.     Plaintiff's counsel routinely monitored the Product's sales price on Defendant's Website in the period between the two dates referenced in the preceding paragraphs, and has confirmed that the Product purchased by Plaintiff was not offered for sale on Defendant's Website primarily at the reference price during that period, such that the reference price was not the "prevailing price" for the Product during the period.

13.     Defendant knows that the prices for the Product are fake and artificially inflated and intentionally uses them in its deceptive pricing scheme on its Website to increase sales and profits by misleading consumers to believe that they are buying products at a substantial discount. Defendant thereby induces customers to buy products they never would have bought—or at the very least, to pay more for merchandise than they otherwise would have if Defendant was simply being truthful about its "sales."

14.     The effectiveness of Defendant's deceitful pricing scheme is supported by longstanding scholarly research. In the seminal article entitled *Comparative Price Advertising: Informative or Deceptive?* (cited in *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1106 (9th Cir. 2013)), Professors Dhruv Grewal and Larry D. Compeau write that, "[b]y creating an impression of savings, the presence of a higher reference price enhances subjects' perceived value and willingness to buy the product." Dhruv

1    Grewal & Larry D. Compeau, *Comparative Price Advertising: Informative or Deceptive?*, 11 J. Pub.

2    Pol'y & Mktg. 52, 55 (1992). Therefore, "empirical studies indicate that, as discount size increases,

3    consumers' perceptions of value and their willingness to buy the product increase, while their intention

4    to search for a lower price decreases." *Id.* at 56. For this reason, in *Hinojos*, the Ninth Circuit held that

5    a plaintiff making a claim of deceptive pricing (strikingly similar to the claim at issue here) had standing

6    to pursue his claim against the defendant retailer. In doing so, the Court observed that "[m]isinformation

7    about a product's 'normal' price is . . . significant to many consumers in the same way as a false product

8    label would be." *Hinojos*, 718 F.3d at 1106.

9          15.    Professors Compeau and Grewal reached similar conclusions in a 2002 article: "decades

10   of research support the conclusion that advertised reference prices do indeed enhance consumers'

11   perceptions of the value of the deal." Dhruv Grewal & Larry D. Compeau, *Comparative Price

12   Advertising: Believe It or Not*, 36 J. of Consumer Affairs 287 (2002). The professors also found that

13   "[c]onsumers are influenced by comparison prices even when the stated reference prices are implausibly

14   high." *Id.*

15         16.    In another scholarly publication, Professors Joan Lindsey-Mullikin and Ross D. Petty

16   concluded that "[r]eference price ads strongly influence consumer perceptions of value . . . Consumers

17   often make purchases not based on price but because a retailer assures them that a deal is a good bargain.

18   This occurs when . . . the retailer highlights the relative savings compared with the prices of

19   competitors." Joan Lindsey-Mullikin & Ross D. Petty, *Marketing Tactics Discouraging Price Search:

20   Deception and Competition*, 64 J. of Bus. Research 67 (2011).

21         17.    Similarly, according to Professors Praveen K. Kopalle and Joan Lindsey-Mullikin,

22   "research has shown that retailer-supplied reference prices clearly enhance buyers' perceptions of value"

23   and "have a significant impact on consumer purchasing decisions." Praveen K. Kopalle & Joan Lindsey-

24   Mullikin, *The Impact of External Reference Price on Consumer Price Expectations*, 79 J. of Retailing

25   225 (2003).

26         18.    The results of a 1990 study by Professors Jerry B. Gotlieb and Cyndy Thomas Fitzgerald,

27   came to the conclusion that "reference prices are important cues consumers use when making the

28   decision concerning how much they are willing to pay for the product." Jerry B. Gotlieb & Cyndy

1   Thomas Fitzgerald, *An Investigation into the Effects of Advertised Reference Prices on the Price*

2   *Consumers Are Willing to Pay for the Product*, 6 J. OF APP'D BUS. RES. 1 (1990). This study also

3   concluded that "consumers are likely to be misled into a willingness to pay a higher price for a product

4   simply because the product has a higher reference price." *Id.*

5        19.   The unmistakable inference to be drawn from this research and the Ninth Circuit's

6   opinion in *Hinojos* is that the deceptive advertising through the use of false reference pricing employed

7   here by Defendant is intended to, and does in fact, influence customer behavior by artificially inflating

8   customer perceptions of a given item's value and causing customers to spend money they otherwise

9   would not have, purchase items they otherwise would not have, and/or spend more money for a product

10   than they otherwise would have absent the deceptive advertising

11        20.   Plaintiff seeks damages and, in the alternative, restitution. Plaintiff is permitted to seek

12   equitable remedies in the alternative because Plaintiff has no adequate remedy at law.

13        21.   A legal remedy is not adequate if it is not as certain as an equitable remedy. The elements

14   of Plaintiff's equitable claims are different and do not require the same showings as Plaintiff's legal

15   claims. For example, Plaintiff's claim under section 17501 (an equitable claim) is predicated on a

16   specific statutory provision, which prohibits advertising merchandise using a former price if that price

17   was not the prevailing market price within the past three months. (Cal. Bus. & Prof. Code § 17501.)

18   Plaintiff may be able to prove these more straightforward factual elements, and thus prevail under section

19   17501, while not being able to prove one or more elements of Plaintiff's legal claim under the Consumers

20   Legal Remedies Act ("CLRA"), Cal. Civil Code § 1750 *et seq.*, seeking damages.

21        22.   In addition, to obtain a full refund as damages, Plaintiff must show that the Product that

22   Plaintiff bought has essentially no market value. In contrast, Plaintiff can seek restitution without

23   making this showing. This is because Plaintiff purchased a Product that Plaintiff would not otherwise

24   have purchased, but for Defendant's representations. Obtaining a full refund at law is less certain than

25   obtaining a refund in equity.

26        23.   Finally, legal damages are inadequate to remedy the imminent threat of future harm that

27   Plaintiff faces. Only an injunction can remedy this threat of future harm. Plaintiff would purchase either

28   the Product or other products from Defendant again in the future if Plaintiff could feel sure that

1   Defendant's regular prices accurately reflected Defendant's former prices and the market value of the
2   products, and that its discounts were truthful. But, without an injunction, Plaintiff has no realistic way
3   to know which—if any—of Defendant's regular prices, discounts, and sales are not false or deceptive.
4   Thus, Plaintiff is unable to rely on Defendant's advertising in the future, and so Plaintiff cannot purchase
5   products that Plaintiff would like to purchase.

6                          V.    **CLASS ACTION ALLEGATIONS**

7       24.    Plaintiff brings this action on behalf of all persons similarly situated, and seeks
8   certification of the following class:

9           All persons who purchased one or more of Defendant's products from Defendant's Website
10          while in California within the statute of limitations period at a purported discount from a higher
11          reference price.

12      25.    The above-described class of persons shall hereafter be referred to as the "Class."
13  Excluded from the Class are any and all past or present officers, directors, or employees of Defendant,
14  any judge who presides over this action, and any partner or employee of Class Counsel. Plaintiff
15  reserves the right to expand, limit, modify, or amend this class definition, including the addition of one
16  or more subclasses, in connection with his motion for class certification, or at any other time, based
17  upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

18      26.    **Numerosity.** The Class is so numerous that joinder of all members in one action is
19  impracticable. The exact number and identities of the members of the Class is unknown to Plaintiff at
20  this time and can only be ascertained through appropriate discovery, but Plaintiff is informed and
21  believes, and thereon, alleges that there are at least 50 members of the Class.

22      27.    **Typicality.** Plaintiff's claims are typical of those of other members of the Class, all of
23  whom have suffered similar harm due to Defendant's course of conduct as described in this Complaint.

24      28.    **Adequacy of Representation.** Plaintiff is an adequate representative of the Class and
25  will fairly and adequately protect the interests of the Class. Plaintiff has retained attorneys who are
26  experienced in the handling of complex litigation and class actions, and Plaintiff and Plaintiff's counsel
27  intend to prosecute this action vigorously.

28

29.     **Predominance of Common Questions of Law or Fact.** Common questions of law and fact exist as to all members of the Class that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary among members of the Class, and which may be determined without reference to the individual circumstances of any member of the Class, include, but are not limited to, the following:

a)     Whether, during the Class Period, Defendant advertised false reference prices of its products offered on its Website.

b)     Whether, during the Class Period, Defendant advertised price discounts from false reference prices on products offered on its Website.

c)     Whether Defendant's deceptive pricing scheme using false reference prices constitutes false advertising in violation of the California False Advertising Law under Business & Professions Code § 17501.

c)     Whether Defendant's deceptive pricing scheme using false reference prices violate the CLRA under Civil Code § 1770.

30.     **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Class is impracticable.

31.     **Ascertainability.** Defendant keeps computerized records of its sales and customers through, among other things, databases storing customer orders, customer order histories, customer profiles, customer loyalty programs, and general marketing programs. Defendant has one or more databases through which a significant majority of members of the Class may be identified and ascertained, and they maintain contact information, including email addresses and home addresses (such as billing, mailing, and shipping addresses), through which notice of this action is capable of being disseminated in accordance with due process requirements.

### VI.     CAUSE OF ACTION

#### FIRST CAUSE OF ACTION

**Violation of California's False Advertising Law**

**Cal. Bus. & Prof. Code § 17501**

- 8 -

32. Plaintiff incorporates by reference the foregoing paragraphs as if set forth hereinafter.

33. Section 17501 of the Business and Professions Code provides in relevant part that "no price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price . . . within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly, and conspicuously stated in the advertisement." Cal Bus. & Prof. Code § 17501.

34. Simply put, section 17501 means that if an item is "on sale" for 90 days or more, the seller is violating section 17501.

35. Here, the Product was not sold at the higher reference price in the 90 days prior to Plaintiff's purchase of the Product via the Website and Class members' purchases of Defendant's products via the Website.

36. As a direct and proximate result of Defendant's misleading and false advertisements, Plaintiff and members of the Class have suffered injury in fact and have lost money.

## SECOND CAUSE OF ACTION

### Violation of Consumers Legal Remedies Act

### Cal. Civil Code § 1750 *et seq.*

37. Plaintiff incorporates by reference the foregoing paragraphs as if set forth hereinafter.

38. The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices" in connection with the sale of goods or services to any consumer. (Cal. Civ. Code § 1770(a).)

39. The practices described herein, specifically Defendant's advertising and sale of its products, were intended to result and did result in the sale of such products to the consuming public and violated and continues to violate section 1770(a)(13) of the Civil Code by "[m]aking false or misleading statements of fact concerning reasons for, existence of, or, amounts of, price reductions."

40. Plaintiff is an individual who acquired, by purchase, the Product, which is a good, for personal, family, or household purposes.

41. Defendant deceived Plaintiff by advertising the price of the Product in a misleading manner contrary to California statutes including section 17501 of the Business and Professions Code.

42.    Defendant made material misrepresentations to deceive Plaintiff and Class members.

43.    In doing so, Defendant intentionally misrepresented and concealed material facts from Plaintiff and Class members. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and Class members, and depriving Plaintiff and Class members of their rights and money.

44.    Defendant knew that the Product's advertising of its price on its Website was misleading and deceptive and the advertising of its other products on its Website was similarly misleading and deceptive.

45.    Defendant's advertising of the Product was a material factor in Plaintiff's decision to purchase the Product. Based on Defendant's advertising of the Product, Plaintiff reasonably believed that the reference price of the Product purchased by Plaintiff was genuine. Had Plaintiff known the truth of the matter, *i.e.*, that the reference price of the Product was false or misleading, Plaintiff would not have purchased the Product.

46.    Plaintiff and Class members have suffered injury in fact and have lost money as a result of Defendant's deceptive, unfair, and unlawful conduct.

47.    Prior to the commencement of this action, Plaintiff sent a letter notifying Defendant of the particular wrongdoing that violates the CLRA and demanded that Defendant appropriately correct its advertising and/or provide another appropriate remedy of the violations. The notice was in writing and sent by certified mail, return receipt requested to Defendant's out-of-state headquarters because Defendant has no principal place of business in California.

48.    More than 30 days have elapsed since Plaintiff sent such demand letter to Defendant, but Defendant failed to respond by either correcting its advertising and/or otherwise providing an appropriate remedy of the violations or offering to do so within a reasonable time.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against Defendant as follows:

a.    For an order certifying that the action be maintained as a class action, that Plaintiff be designated as the class representative, and that undersigned counsel be designated as class counsel;

b.    For all available legal, equitable, and declaratory relief;

c.    For statutory damages;

d.    For attorneys' fees and costs as allowed by law; and

e.    For any and all other relief at law or equity that may be appropriate.

Dated: May 17, 2025                           PACIFIC TRIAL ATTORNEYS, APC

                                              By:
                                              Scott. J. Ferrell
                                              Attorneys for Plaintiff

CLASS ACTION COMPLAINT

# EXHIBIT B

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
THERMOS L.L.C., a Delaware entity, d/b/a WWW.THERMOS.COM,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SONYA VALENZUELA, individually and on behalf of all others
similarly situated,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
5/19/2025 10:05:15 PM
Clerk of the Superior Court
By M. Schwenke          ,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO 330 W. Broadway, San Diego, CA 92101 | *(Número del Caso):* 25CU025187C |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott J. Ferrell (Bar #202091)                                      Phone No.: (949) 706-6464
PACIFIC TRIAL ATTORNEYS, APC
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660

DATE:                                    Clerk, by                          , Deputy
*(Fecha)* May 19, 2025                   *(Secretario)* M. Schwenke          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

   ☐ THERMOS L.L.C., a Delaware entity, d/b/a

3. ☒ on behalf of *(specify)*: WWW.THERMOS.COM

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other *(specify)*: LLC

4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*
*LexisNexis® Automated California Judicial Council Forms*

# EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Scott J. Ferrell (Bar# 202091)<br>PACIFIC TRIAL ATTORNEYS, A Professional Corporation<br>4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660<br>TELEPHONE NO.: (949) 706-6464    FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiff & the Class | ELECTRONICALLY FILED<br>Superior Court of California,<br>County of San Diego<br><br>5/19/2025 10:05:15 PM<br><br>Clerk of the Superior Court<br>By M. Schwenke    ,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME:

CASE NAME:
Valenzuela, et al. v. Thermos L.L.C.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 25CU025187C |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [X] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [X] is    [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [X] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* TWO (2)
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 17, 2025

Scott J. Ferrell
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

# EXHIBIT D



**null / ALL**
**Transmittal Number: 31516811**
**Date Processed: 05/29/2025**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Georgina Gonzales<br>Thermos<br>475 N. Martingale Road<br>Ste 1100<br>Schaumburg, IL 60173-2051 |

| | |
|---|---|
| **Entity:** | Thermos L.L.C.<br>Entity ID Number  2045847 |
| **Entity Served:** | Thermos L.L.C. |
| **Title of Action:** | Sonya Valenzuela vs. Thermos L.L.C. dba www.thermos.com |
| **Matter Name/ID:** | Sonya Valenzuela vs. Thermos L.L.C. dba www.thermos.com (17385208) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | San Diego County Superior Court, CA |
| **Case/Reference No:** | 25CU025187C |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 05/28/2025 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Pacific Trial Attorneys, A Professional Corporation<br>949-706-6464 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# EXHIBIT E

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:      330 W. Broadway
MAILING ADDRESS:    330 W. Broadway
CITY AND ZIP CODE:   San Diego, 92101
BRANCH NAME:         Central
TELEPHONE NUMBER: 619-450-7063

PLAINTIFF(S) / PETITIONER(S):  Sonya Valenzuela

DEFENDANT(S) / RESPONDENT(S):  Thermos LLC

VALENZUELA VS THERMOS LLC

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 25CU025187C |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge: KATHERINE A. BACAL                      Department: C-63

**COMPLAINT/PETITION FILED:** 05/19/2025

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT |
|---|---|---|---|
| Case Management Conference | 10/17/2025 | 9:30 AM | C-63 |

Case Management Conferences (CMCs) may be conducted virtually or in person. Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdscourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):

- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359):

# EXHIBIT F

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150.  Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

# EXHIBIT G

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:     330 W. Broadway | |
| MAILING ADDRESS:     330 W. Broadway | |
| CITY AND ZIP CODE:     San Diego, 92101 | |
| BRANCH NAME:     Central | |
| PLAINTIFF(S):   Sonya Valenzuela | |
| DEFENDANT(S):   Thermos LLC | |
| SHORT TITLE: VALENZUELA VS THERMOS LLC | |

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: |
|---|---|
| | 25CU025187C |

Judge:  KATHERINE A. BACAL                                           Department:  C-63

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                                  ☐ Binding private arbitration

☐ Voluntary settlement conference (private)        ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                     ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                              Date: _____

_____                              _____
Name of Plaintiff                                             Name of Defendant

_____                              _____
Signature                                                    Signature

_____                              _____
Name of Plaintiff's Attorney                                 Name of Defendant's Attorney

_____                              _____
Signature                                                    Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 05/19/2025                                            JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev. 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page 1



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 25CU025187C                    CASE TITLE: Valenzuela vs Thermos LLC

<u>NOTICE:</u> All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
      (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
      (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), <u>and</u>
      (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>Potential Advantages and Disadvantages of ADR</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable. |
| • Gives parties more control over the dispute resolution process and outcome | |
| • Preserves or improves relationships | |

<u>Most Common Types of ADR</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

**On-line mediator search and selection:** Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

**More information about court-connected ADR:** Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.